# EXHIBIT A

# CORPORATE NON-DISCLOSURE AGREEMENT

This Corporate Non-Disclosure Agreement ("Agreement") is effective as of the date indicated above, between Intel Corporation and its Affiliates ("Intel"), and the person or company identified as the Participant below and its Affiliates (the "Participant").

## THE PARTIES AGREE AS FOLLOWS:

1. Definitions.

    1.1 "Affiliate" means any entity that Controls, is Controlled by, or is under common Control with Intel Corporation or the Participant identified below. "Control" means direct or indirect ownership, through one or more intermediaries, of more than 50% of an entity's voting capital or other voting rights.

    1.2 "Confidential Information" means the confidential, proprietary, and trade secret information of the disclosing party to be disclosed by the disclosing party under this Agreement, and comprises:

    (A) information in tangible form that (1) bears a Confidentiality Legend, or (2) does not bear any Confidentiality Legend, if the receiving party knew, or reasonably should have known under the circumstances, that the information was confidential and had been communicated to it in confidence, and

    (B) discussions about that information that may occur before, at the same time, or after disclosure of the information.

    1.3 "Confidentiality Legend" means a "confidential," "proprietary," "secret," or similar legend.

    1.4 "Covered Persons" means employees, contingent workers, and professional advisers of a party and that party's Affiliates.

2. Obligations of Disclosing Party. The disclosing party will make reasonable efforts to mark its Confidential Information in tangible form with a Confidentiality Legend before disclosure.

3. Obligations of Receiving Party. The receiving party must:

    3.1 maintain the confidentiality of the Confidential Information with at least the same degree of care that it uses to protect its own confidential and proprietary information, but no less than a reasonable degree of care under the circumstances;

    3.2 disclose any Confidential Information only to the receiving party's Affiliates and Covered Persons who have a need to know and who have agreed in writing to abide by nondisclosure terms at least as comprehensive as those in this Agreement. Each party will be liable for breaches of this Agreement by its Affiliates and Covered Persons;

    3.3 not disclose any Confidential Information to any other third party; and

    3.4 not make any copies of the Confidential Information except copies that are necessary for the receiving party's disclosures under Section 3.2. The receiving party will identify any copies as originating from the disclosing party and retain any existing Confidentiality Legends on the copies.

4. Duration of the Obligation of Confidentiality. Subject to the exceptions in Section 5, the confidentiality obligations in this Agreement will bind the receiving party for each disclosure for five years from the receipt of Confidential Information.

5. Exceptions to the Obligation of Confidentiality. The receiving party will not be liable for the disclosure of any Confidential Information that is:

    5.1 generally made available publicly or to third parties by the disclosing party without restriction on disclosure;

    5.2 received without any obligation of confidentiality from a third party who rightfully had possession of the information;

    5.3 rightfully known to the receiving party without any limitation on disclosure, before its receipt from the disclosing party;

    5.4 the same as information that is independently developed by Covered Persons of the receiving party; or

    5.5 required to be disclosed under applicable laws, regulations, or court, judicial, or government agency orders. The receiving party must give the disclosing party reasonable notice before this disclosure, and seek a protective order, confidential treatment, or other remedy, if available, to limit the scope of the required

disclosure.

6. Title. Title or the right to possess Confidential Information as between the parties will remain in the disclosing party.

7. No Obligation of Disclosure; Termination. Neither party has any obligation to disclose Confidential Information to the other under this Agreement. Either party may terminate this Agreement at any time without cause by giving written notice to the other party. Each party's obligations concerning Confidential Information disclosed during the term of this Agreement will survive any termination as provided in Section 4. Either party may, at any time, request in writing the return or destruction of all or part of its Confidential Information previously disclosed, and all copies of it. The receiving party must promptly comply with this request, and certify in writing its compliance.

8. General.

   8.1 Independent Parties; No Obligation to Buy or Sell. This Agreement does not create a joint venture, partnership, or other form of business association between the parties, or any obligation to buy or sell products using or incorporating the Confidential Information.

   8.2 No License. In this Agreement, neither party grants to the other party any license under any patents, copyrights, trademarks, or mask works, either expressly, by implication, inducement, estoppel, or otherwise. Any license under these intellectual property rights must be express and in a separate signed writing.

   8.3 No Waiver. If either party fails to enforce any provision in this Agreement, that party reserves and does not waive the right to enforce the same provision or any other provision of this Agreement at a later time.

   8.4 Governing Law; Non-Exclusive Jurisdiction. All disputes arising out of or related to this Agreement, including without limitation all matters connected with its performance, will be governed by, and construed and interpreted under, the laws of the United States of America and the State of Delaware, without reference to conflict of laws principles. Any disputes arising out of or related to this Agreement, including without limitation all matters connected with its performance, may be brought in the courts of the State of Delaware or the Federal courts sitting in that State. Each Party hereby irrevocably submits to the non-exclusive personal jurisdiction of those courts and irrevocably waives all objections to that jurisdiction and venue for those disputes.

   8.5 Entire Agreement. This Agreement contains the complete and exclusive agreement and understanding between the parties concerning the subject matter of this Agreement. It supersedes all prior and contemporaneous oral or unsigned, written agreements, understandings, or communications between the parties relating to the same subject matter, but will not supersede any other signed, written agreements between the parties, including without limitation non-disclosure agreements. This Agreement may not be modified except in a writing signed by the parties.

   8.6 DISCLAIMER OF WARRANTIES: The disclosing party disclaims all warranties for all Confidential Information disclosed under this Agreement, including without limitation all warranties about the accuracy or utility of the Confidential Information.

   8.7 If this Agreement, or any amendment to this Agreement, is executed electronically in lieu of traditional means of contract execution, the parties agree that an electronic signature will be legally binding. Neither party will contest the enforceability of this Agreement on the basis that it was executed electronically.

**INTEL CONTACT NAME**

Mark Rostick

**AGREED: INTEL CORPORATION**

2200 Mission College Blvd.
Santa Clara, California 95054-1549
UNITED STATES

Signature of Vice President or above or designee:

_Michelle J. Holthaus_ (signature)

_____
Authorized Signature

**Name:** Michelle J. Holthaus
**Title:** Executive VP & GM Sales, Marketing and Communications Group
**Date:** 07/12/2021

**AGREED: PARTICIPANT**

**Participant Name:** Cloud Tank Inc.
**Address:** 897 NE Brennan Lane
**City:** Hillsboro
**State/Province:** OREGON
**Country:** UNITED STATES
**Postal Code:** 97124

Signature of Authorized Representative (e.g. President or VP):

DocuSigned by:

_Sergiu Ghetie_ (signature)
411331F6DFD7436...

_____
Authorized Signature

**Name:** Sergiu Ghetie
**Title:** President
**Date:** 7/12/2021
☒ I am authorized to sign this agreement on behalf of Participant.

**DocuSign**

## Certificate Of Completion

Envelope Id: ███████████████████████

Subject: Intel CNDA - Cloud Tank Inc.

Source Envelope:

Document Pages: 3

Certificate Pages: 2

Signatures: 1

Initials: 0

Status: Completed

Envelope Originator:

███████████████████

## Record Tracking

Status: Original
    7/12/2021 9:12:43 AM

Holder: ████████████████

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| ████████████████ | *DocuSigned by:*<br>Sergiu Qutic<br>—411331F6DFD7436... | Sent: 7/12/2021 9:12:44 AM<br>Viewed: 7/12/2021 9:22:42 AM<br>Signed: 7/12/2021 9:25:25 AM |

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| ████████████████ | COPIED | ████████████████ |
| | COPIED | |
| | COPIED | |

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign<br> | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 7/12/2021 9:12:44 AM |
| Certified Delivered | Security Checked | 7/12/2021 9:22:42 AM |
| Signing Complete | Security Checked | 7/12/2021 9:25:25 AM |
| Completed | Security Checked | 7/12/2021 9:25:27 AM |

| Payment Events | Status | Timestamps |
|---|---|---|